IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO: ) |
| v. | ) ) |
| | ) COMPLAINT |
| ASCENSION HOTELS, LLC D/B/A HOLIDAY INN | ) ) ) |
| | ) JURY TRIAL DEMAND |
| Defendants. | ) |

**COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), and files its Complaint and Jury Demand. Plaintiff respectfully avers as follows:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, as amended ("Title VII"), to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Daniele Lagasse ("Ms. Lagasse"). This suit is also brought to achieve appropriate injunctive relief to others who may have been adversely affected by the discriminatory practices of Defendant, Ascension Hotels, LLC d/b/a Holiday Inn ("Ascension Hotels") and to prevent further occurrence of such practices.

The Commission alleges that Defendant Ascension Hotels unlawfully discharged Ms. Lagasse in retaliation for her opposing conduct made unlawful by Title VII, including her refusal

- 2 -

to serve or allow her female wait-staff to serve a male customer who was harassing Ms. Lagasse and other female employees. The Commission's allegations are discussed in greater particularity in paragraphs 7 through 27 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Ascension Hotels has continuously been a Louisiana Corporation doing business in the State of Louisiana, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Ascension Hotels has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days before the institution of this lawsuit, Ms. Lagasse filed her charge of discrimination with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In January 2008, Defendant Ascension Hotels engaged in unlawful employment practices in Slidell, Louisiana in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when Ascension Hotels discharged Ms. Lagasse in retaliation for engaging in activity protected by Title VII, including opposition to serving, or allowing her female wait-staff to serve, a male customer who was harassing Ms. Lagasse and other female employees based on their sex.

8. In October 2007, Defendant hired Ms. Lagasse as a bar manager at the Defendant's Holiday Inn hotel located in Slidell, Louisiana.

9. While employed as a bar manager, Ms. Lagasse and other female employees were subjected to inappropriate and unwelcome gender-based comments and comments of a sexual nature by James Lafitte ("Lafitte"), a male customer who had frequented the hotel's bar for several months.

10. Specifically, on at least a weekly basis, Lafitte called the female employees offensive names, including, "stupid"; "idiots"; "ignorant"; told them to "shut up"; and told them "you're a stupid bitch."

11. In addition, on one occasion Lafitte stated to Ms. Lagasse that the reason his property taxes were so high was because he had to pay for women like her, and made a comment to the effect of, "You're a single mother with bastard children; you should not have spread your legs."

12. Further, Lafitte grabbed the arms or hands of the female employees and/or asked them for dates. This conduct was unwelcomed. Ms. Lagasse had a good faith basis to believe that Lafitte's conduct was severe or pervasive, and discriminated against Defendant's female employees on the basis of sex, in violation of Title VII.

13. While a bar manager, Ms. Lagasse reported Lafitte's offensive behavior to the Food and Beverage Manager, Rick (last name unknown), several times, noting that Lafitte was making offensive comments to female customers, as well as to the female employees.

14. In addition, the General Manager, Sammy Arrington ("Arrington" or "General Manager"), was familiar with this male customer's behavior, as this customer had been coming to the bar for several months.

15. Defendant took no prompt or remedial corrective action to address Ms. Lagasse's complaints.

16. On January 14, 2008, Defendant promoted Ms. Lagasse to Food and Beverage Manager.

17. After her promotion, Ms. Lagasse reported Lafitte's behavior to Colleen Ourso ("Ourso"), Defendant's Human Resources Director. Ourso informed Ms. Lagasse that Lafitte's behavior was "sexual harassment."

18. In approximately mid-January, 2008, after an incident in which Lafitte called a waitress a "stupid bitch," the General Manager agreed with Ms. Lagasse that Defendant would not allow Lafitte into the bar and restaurant anymore.

19. In approximately late January, Defendant changed its policy and allowed Lafitte to return.

20. Lafitte resumed harassing the female wait-staff.

21. Ms. Lagasse again complained to the General Manager, who then informed Ms. Lagasse that Defendant had determined it could not ban Lafitte.

22. As the Food and Beverage Manager, Ms. Lagasse then instructed the male bartender to serve Lafitte, to shield the female employees from Lafitte's hostile and offensive behavior toward women.  Again, Ms. Lagasse asked Arrington for assistance in dealing with Lafitte's offensive behavior.

23. Arrington informed Ms. Lagasse that he would be on extended leave but would take care of the situation upon his return.  While Arrington was on leave, Director of Operations Cindi Smiley (Smiley) became the Acting General Manager.

24. On January 31, 2008, Smiley and Ourso spoke with Ms. Lagasse about Lafitte. Ms. Lagasse explained that Lafitte was harassing the female employees and therefore she did not have any of the female employees serving Lafitte.

25. Smiley ordered Ms. Lagasse to serve the offensive customer or be fired, telling her, "You will serve him or you won't have a job."

26. On January 31, 2008, Defendant fired Ms. Lagasse for opposing Lafitte's offensive and hostile behavior toward Defendant's female wait-staff employees, in violation of Title VII.

27. On April 1, 2008, Lafitte grabbed the arm of female Manager Christy Bergeron ("Bergeron") after she had told Lafitte to leave.  Bergeron filed a police report for simple battery with the Slidell Louisiana Police Department.  Defendant then banned Lafitte from the hotel.

28. The effect of the unlawful employment practices complained of in paragraphs 7 though  27 above has been to deprive Ms. Lagasse of equal employment opportunities and to otherwise adversely affect her status as an employee because of her opposition to employment

discrimination, which is activity protected under Title VII of the Civil Rights Act of 1964, as amended.

29. The unlawful employment practices complained of in paragraphs 7 though 27 above were intentional.

30. The unlawful employment practices complained of in paragraphs 7 though 27 above were done with malice or with reckless indifference to Ms. Lagasse's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Ascension Hotels, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of retaliation in violation of Title VII.

B. Order Defendant Ascension Hotels to institute and carry out policies, practices, actions, and programs which provide equal employment opportunities for employees who oppose unlawful employment practices or otherwise engage in protected activity and which eradicate the effects of Defendant's past and present unlawful employment practices. Such relief may include, but not be limited to, training of Defendant's employees regarding unlawful retaliation; and disciplinary actions against employees who have committed unlawful retaliation.

C. Order Defendant Ascension Hotels to make whole Ms. Lagasse by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other

   affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant Ascension Hotels to reinstate Ms. Lagasse or to make her whole by providing her with front pay, in amounts to be determined at trial, to eradicate the effects of Defendant's unlawful employment practices.

E. Order Defendant Ascension Hotels to make whole Ms. Lagasse by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 27 above, in amounts to be determined at trial.

F. Order Defendant Ascension Hotels to make whole Ms. Lagasse by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 though 27 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

G. Order Defendant Ascension Hotels to pay Ms. Lagasse punitive damages for Defendant's malicious and reckless conduct described in paragraphs 7 though 27 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems appropriate in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**P. DAVID LOPEZ**
General Counsel
No Bar Roll Number Assigned
**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned
**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned
**JIM SACHER**
Regional Attorney
La. Bar Roll Number 14888
Equal Employment Opportunity Commission
Houston District Office
1201 Louisiana 6th Floor
Houston, Texas  77002
Direct Line: (713) 651-4963


/s/ Tanya L. Goldman
**MICHELLE BUTLER (T.A.)**
Senior Trial Attorney
La. Bar Roll No. 01286
michelle.butler@eeoc.gov
**TANYA L. GOLDMAN**
Senior Trial Attorney
No Bar Roll No. Assigned
tanya.goldman@eeoc.gov
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA  70112
Tel:    (504) 595-2878 (Main Legal)
          (504) 595- 2872 (Butler)
          (504) 595-2914 (Goldman)
Fax:   (504) 595-2886

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

**ASCENSION HOTEL'S REGISTERED AGENT
FOR SERVICE OF PROCESS:**

V. Thomas Clark, Jr.
450 Laurel Street, Suite 1900
Baton Rouge, Louisiana 70801