IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,    CIVIL ACTION

v.    NO. 12-940

    SECTION "B"

ASCENSION HOTELS, LLC
D/B/A HOLIDAY INN

## CONSENT DECREE

1. Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff EEOC" or "the Commission") instituted the captioned civil action in the United States District Court for the Eastern District of Louisiana, charging Ascension Hotels, LLC d/b/a Holiday Inn ("Ascension Hotels" or "Defendant"), with violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and alleging that Defendant Ascension Hotels unlawfully discharged Charging Party Daniele Lagasse ("Lagasse") in retaliation for opposing sex discrimination. Specifically, the Commission alleged Defendant unlawfully discharged Lagasse, the Food and Beverage Manager at Defendant's Hotel Bar, for refusal to serve or allow her female wait-staff to serve a male customer who was subjecting Lagasse and other female employees to sex/gender harassment in violation of Title VII.

1

2. This suit was also brought to achieve appropriate injunctive relief for others who may have been adversely affected by the discriminatory practices of Defendant Ascension Hotels and to prevent further occurrence of such practices.

3. Defendant Ascension Hotels has not admitted and does not admit that it has engaged in any unlawful employment practices; and

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this action and over the parties to this action; and

5. The Commission and Ascension Hotels have agreed to settle this matter for the relief specified in this Consent Decree; and

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

6. The Commission and Ascension Hotels wish to resolve all claims and controversies encompassed by this lawsuit without burden, expense or delay of further litigation.

7. The negotiation, execution and entry of this Consent Decree will resolve any and all claims of alleged Title VII violations brought by the Commission against the Defendant Ascension Hotels arising out of EEOC Charge Number 461-2008-01485 and Civil Action Number 12-cv-00940-ILRL-JCW ("the instant action") filed in the United States District Court for the Eastern District of Louisiana.

8. The purpose of Title VII will be furthered by entry of this Decree, the terms of which constitute a fair and equitable settlement.

9. Neither the negotiation, nor the execution, nor the entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by Ascension Hotels that its

officers, agents or employees have violated or have not been in compliance with Title VII or any other applicable law, regulation or order.

## INJUNCTIVE RELIEF

10. Defendant Ascension Hotels, its directors, officers, agents, employees and successors or assigns shall not maintain or permit discrimination in the workplace against any applicant for employment or employee, particularly harassment of any kind whether by an owner, supervisor, manager, co-worker or non-employee, based upon such person's sex/gender, as complained of in EEOC Charge Number 461-2008-01485. Rather, Defendant will take prompt and remedial action to correct any sex/gender discrimination based on Title VII, as detailed below.

11. Defendant Ascension Hotels, its directors, officers, agents, employees and successors or assigns shall not maintain or permit discrimination in the workplace against any applicant for employment or employee based upon such person's opposition to employment discrimination or participation in any proceeding opposing employment discrimination, as complained of in EEOC Charge Number 461-2008-01485. Rather, Defendant will take prompt and remedial action to correct any retaliation discrimination based on Title VII, as detailed below.

12. Defendant Ascension Hotels, its directors, officers, agents, employees and successors or assigns shall not maintain or permit any retaliation discrimination in the workplace against any applicant for employment or any employee because the employee or applicant has exercised their federally protected right to make a complaint or file a charge of discrimination under Title VII, and Defendant Ascension Hotels will not tolerate any retaliatory management decision based on any applicant's opposition to any form of

discrimination. Rather, Defendant will take appropriate action to correct any retaliation that has occurred against any applicant or employee for exercising their federally protected Title VII civil rights.

13. Defendant shall not discriminate or retaliate against any person because he or she has opposed any practice made an unlawful employment practice under Title VII, or because he or she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

14. Further, Defendant Ascension Hotels will not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII, (b) has participated in any investigation conducted under Title VII connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

15. Defendant Ascension Hotels, LLC asserts that presently it does not employ Colleen Ourso, Cindi Smiley and/or Sammy Arrington at any of its companies, subsidiaries, franchises or facilities in any capacity. Defendant agrees that any personnel files or other company records that are maintained for any of these former employees will contain a copy of the EEOC's Letter of Determination for Charge of Discrimination Number 461-2008-1485 and contain a copy of the EEOC's Complaint. In addition, the files will contain a note requiring Defendant to inform EEOC if any of these former employees are re-employed. Further, Defendant agrees that if any of these former employees are re-employed, the personnel or other company records maintained on any of these former employees will assure that EEOC is informed of what position any are offered and whether the position is in a supervisory capacity. Finally, the Defendant agrees if any of

these former employees are re-employed, the Defendant will make certain that the respective supervisors of any of these former employees have been informed of the EEOC's Letter of Determination for Charge Number 461-2008-01485 and the facts surrounding EEOC's litigation, Civil Action Number, 2:12-CV-00940 EDLA.

## INDIVIDUAL RELIEF FOR CHARGING PARTY

16. Defendant will eliminate from the personnel file of Daniele Lagasse, as well as from any other files concerning or pertaining to her, any and all documents and entries relating to the facts and circumstances which led to the filing of EEOC Charge Number 461-2008-01485 and the related events that occurred thereafter, including the filing of the instant lawsuit.

17. Defendant will provide Daniele Lagasse with a positive job reference that it shall provide to any inquirers about her employment with Ascension Hotels. A sample of that reference which will be used in response to inquiries is attached hereto as Exhibit A. Defendant shall designate those employees who are authorized to have contact with any inquirers regarding her work, and those employees shall read this Consent Decree and provide a written assurance to the Commission that they understand their responsibilities and will fully abide by these provisions.

18. Within thirty (30) days after the entry of this Decree the Defendant Ascension Hotels, shall pay the sum of Sixty Thousand ($60,000) DOLLARS to Charging Party Daniele Lagasse for claims that were raised in Commission Charge Number 461-2008-01485 and this lawsuit. Appropriate taxes, deductions and withholdings shall be withheld only from that portion of the settlement sum that is attributed as alleged back pay loss and a W2 will be issued for those funds. The agreed settlement for back pay loss is Twenty Thousand

($20,000.00) Dollars. The remainder of the settlement fund, for alleged emotional distress, inconvenience and/or punitive damages with attributed interest, is Forty Thousand ($40, 000.00) Dollars. Defendant will issue a United States Internal Revenue Services' Form 1099 to Ms. Lagasse for the amount designated by EEOC as damages. The Defendant shall provide contemporaneously to the EEOC's Senior Trial Attorney Michelle T. Butler (hereafter "the EEOC's Designated Attorney") a copy of the payment to Daniele Lagasse.

19. The settlement check shall be made payable to the order of "Daniele L. Lagasse" The check shall be accompanied by a statement of withholdings (if any for those funds designated as loss wages) from the settlement payment. Payment to Ms. Lagasse is conditioned on her executing a mutually-agreeable release agreement releasing all her claims against Defendant arising out of Charge of Discrimination Number 461-2008-01485 and this suit only. Defendant may not condition payment to Ms. Lagasse on her waiving any claims or rights which may accrue after the execution of the settlement release.

## ANTI-DISCRIMINATION POLICY

20. Defendant will implement, distribute and enforce an effective written policy and procedure for preventing and investigating complaints of sex discrimination, particularly complaints involving sex/gender harassment from by anyone including, owners, supervisors, managers, co-workers and non-employees. Defendant will also ensure that the Defendant's owners and management staff have received a copy of the policy. Defendant shall provide to the Commission, within sixty (60) days of the entry of this Decree, a copy of the policy prohibiting sex discrimination in violation of Title VII. The

policy must, at a minimum, contain the following elements: A clear explanation of prohibited conduct; assurance that employees who make complaints of sex/gender discrimination, particularly harassment, or provide information related to such complaints will be protected against retaliation; a clearly described complaint process that provides accessible avenues of complaint which shall identify the contact names, addresses and telephone numbers for persons to complain and report suspected work-place discrimination to one designated official or employee; assurance that the employer will protect the confidentiality of any sex/gender complaints to the extent possible; a complaint process that provides a prompt, thorough, and impartial investigation, and assurance that the Defendant will take immediate and appropriate corrective action to protect the employees, including taking proper disciplinary measures to prevent and correct any sex/gender discrimination, particularly sex/gender harassment by anyone including, owners, supervisors, managers, co-workers and non-employees, when it determines that such discrimination has occurred.

21. This policy, once created, will be distributed to all of Defendant's employees and management staff, and shall be included in any relevant policy or employee manuals kept by Defendant's business. The policy will also be posted in a conspicuous and accessible place for all employees and printed in a font that is easily legible (at least 12 point font). This policy will be consistent with law and the Commission's regulations and guidance. Within sixty (60) days of the effective date of this Decree, Defendant will certify to the Commission that this policy has been distributed and posted as discussed above.

## ANTI-RETALIATION POLICY

22. Defendant will implement, distribute and enforce an effective written policy and procedure for preventing and investigating complaints of retaliation discrimination. Defendant will also ensure that the Defendant's owners and management staff have received a copy of the anti-retaliation policy. Defendant shall provide to the Commission, within sixty (60) days of the entry of this Decree, a copy of the policy prohibiting retaliation discrimination in the workplace in violation of Title VII. The policy must, at a minimum, contain the following elements: A clear explanation of prohibited conduct; assurance that employees who make complaints of discrimination generally and complaints of retaliation discrimination specifically and/or provide information related to such complaints will be protected against retaliation; a clearly described complaint process that provides accessible avenues of complaint which shall identify the contact names, addresses and telephone numbers for persons to complain and report suspected work-place discrimination to one designated official or employee; assurance that the employer will protect the confidentiality of any discrimination complaints to the extent possible; a complaint process that provides a prompt, thorough, and impartial investigation, and assurance that the Defendant will take immediate and appropriate corrective action, including taking proper disciplinary measures to prevent and correct any form of discrimination, particularly any form of retaliation discrimination, when it determines that such discrimination has occurred. Specifically, Defendant will assure that all anti-retaliation policies will include provisions for the discipline, including, when appropriate, termination, of any supervisor, manager and officer who violates any such policies.

23. This policy, once created, will be distributed to all of Defendant's employees and management staff, and shall be included in any relevant policy or employee manuals kept by Defendant's business. The policy will also be posted in a conspicuous and accessible place for all employees and printed in a font that is easily legible (at least 12 point font). This policy will be consistent with law and the Commission's regulations and guidance. Within sixty (60) days of the effective date of this Decree, Defendant will certify to the Commission that this policy has been distributed and posted as discussed above.

## TRAINING PROVISIONS

24. The Defendant Ascension Hotels agrees to conduct, for the duration of this decree, three (3) two (2) hour training program about Title VII, particularly sex/gender discrimination, harassment and retaliation and the Defendant's anti-discrimination and anti-retaliation complaint-reporting policy (ies) for its owner and all its supervisors and managers and an annual one (1) hour training program about Title VII, sex/gender discrimination, harassment and retaliation and the Defendant's anti-discrimination and anti-retaliation and complaint-reporting policy (ies) for all non-management employees. The initial training program shall be conducted within four (4) months after the entry of this Decree. All new management employees shall receive this training within 90 (ninety) days of hire or promotion to manager as part of their initial orientation. Each training program and trainer shall be reported to the Commission's Designated Attorney, as discussed below, in accordance with the reporting requirements of this Decree. Defendant Ascension Hotels will notify its personnel of the program, which will be attended by Ascension Hotels personnel.

25. Each annual training program shall include the topics of Title VII discrimination; particularly sex/gender discrimination, harassment and retaliation against employees in violation of Title VII, and an explanation of the Defendant's anti-discrimination, anti-retaliation and complaint-reporting policies. Anyone who does not attend the Title VII and policy training program, as mandated by this Decree, shall be required to attend a make-up training program or, in the event that less than five employees did not attend the initial training program, those few may view a videotape of the entire original training program within two month of the missed program. The Defendant shall also provide an initial and semiannual reports to the EEOC's Designated Attorney, as discussed below, which shall provide the identity(ties) and resume of the Title VII and company policy trainer(s); all date(s) such training occurred; the names, and positions of everyone who personally attended the training. As regards attendance at make-up live training or videotape programs, the same information must be provided, indicating as well the date of attendance and whether the person attended make up training or videotape training. For all training provided pursuant to this Consent Decree, all attendees must sign to verify their attendance for the entire event and this sign in log must be provided to the Commission along with a legible list of the names of each attendee. A list of the topics covered during all such programs, or in lieu of a topics list, a copy of the program outlines, materials or videotapes that were utilized during the training shall be provided to the Commission.

## REPORTING PROVISIONS

26. For the duration of this Decree Ascension Hotels will submit semiannual written reports to the EEOC's Designated Senior Trial Attorney, Michelle T. Butler. The initial report

must be submitted within six (6) months after the entry of this Consent Decree or not later than **August 15, 2013**. Subsequent semiannual reports must be submitted every six (6) months thereafter. These reports shall certify the Defendant's compliance with this Decree and, in the event of non compliance, shall note why compliance did not occur and what steps will be taken to assure full compliance. Further, these reports shall provide information regarding all sex/gender harassment discrimination and retaliation discrimination complaints made by employees which were received within each interim six (6) month period for the duration of this Decree. These reports will provide the following for each semiannual reporting period: (i) the identity by full name, social security number, last known address and last known telephone numbers and email address of any employee or applicant who reported or complained about sex/gender discrimination, particularly sex/gender harassment, and retaliation discrimination within the prior six-month period, (ii) a description of the employee's complaint, (iii) a statement as to whether and how the Defendant responded to such report(s) or complaint(s), and (iv) a statement as to whether and how the report(s) were resolved. If no complaints are received within each six (6) month interim period, the Defendant will report same.

27. During the term of this agreement, in the event any reports or complaints are made, the EEOC shall have access, upon advance notice of at least twenty (20) days to the Defendant, to any written reports or complaints of sex/gender discrimination, particularly harassment, and retaliation discrimination and to any investigative documents that are in the control or possession of Defendant and/or its owners, officers, managers, agents, employees, successors, and/or assigns, which the Commission deems necessary to

examine in the process of evaluating the employee reports or complaints to determine whether a violation of Title VII's prohibition against sex/gender discrimination, particularly harassment, and/or retaliation discrimination has occurred. Further, the Defendant will maintain such reports and/or complaints for the term of this agreement. At the Commission's option, these reports shall be mailed, faxed or sent to the Commission electronically at the Defendant's expense. Finally, the Commission may review Defendant's compliance with this Decree in the event there is reasonable cause to believe non-compliance exists by: 1) notifying Defendant of the facts supporting the reasonable cause belief of non-compliance and 2) after thirty (30) days following such notification, the Commission may inspect the relevant areas of Defendant's premises relating to the alleged non-compliance, interview employees who have relevant knowledge of the alleged non-compliance and examine and copy documents relevant to the alleged non-compliance.

## NOTICE PROVISION

28. Defendant will post a Notice to Employees for one (1) year following the effective date this Consent Decree. Said Notice shall advise employees that complaints of employment discrimination may be filed with Defendant's representatives or filed directly with the EEOC. The Notice to Employees is attached hereto as Exhibit B.

## CONSENT DECREE ENFORCEMENT

29. In the event that Defendant Ascension Hotels fails to perform its obligations herein, Plaintiff EEOC is empowered to enforce this Consent Decree through the applicable judicial enforcement procedures and to seek sanctions which may be due as a result of the need to enforce this Decree.

30. Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Decree.

31. This Decree sets forth the entire agreement between the Commission and Defendant Ascension Hotels as to the captioned lawsuit, and fully supersedes any and all prior agreements or understandings between the Commission and Defendant Ascension Hotels pertaining to the subject matter herein.

32. The Commission and the Defendant Ascension Hotels will bear their own attorney's fees and costs incurred in connection with the litigation of this case.

## CONSENT DECREE DURATION

33. This Decree shall remain in effect for a period of 24 months from the date of its execution. The Commission shall have six (6) months after the end of the effective period of this Decree to commence enforcement actions relative to any violation hereof by Defendant.

34. The Court shall retain jurisdiction of this action for purposes of enforcing this Decree, as appropriate, for a reasonable period of time.

**IT IS SO ORDERED.**

THUS DONE AND SIGNED, __New Orleans__, Louisiana, this 22nd day of __February__, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

13